IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROCERY OUTLET, INC., <br><br> Plaintiff, <br><br> v. <br><br> NAFTALI, INC., <br><br> Defendant. | Case No. 23-cv-05254-CRB <br><br> **ORDER GRANTING MOTION TO DISMISS** |

Grocery Outlet, Inc. and one of its suppliers, Naftali, Inc., have sued each other over Naftali's sale of pesticidal sanitary wipes to Grocery Outlet. In this motion, Grocery Outlet seeks to dispose of two of Naftali's counterclaims. Finding this matter suitable for resolution without oral argument pursuant to Local Civil Rule 7-1(b), the Court **GRANTS** the motion to dismiss Naftali's counterclaims for declaratory relief.

**I.     BACKGROUND**

   **A.     The Parties**

Naftali is a Florida corporation, with its principal place of business in Miami-Dade County, Florida. Amended Answer (dkt. 48) ¶ 1. Naftali markets and manufactures goods, such as sanitary wipes and other travel and well-being products. Id. ¶¶ 7, 8, 11, 13.

Grocery Outlet is a California corporation with its principal place of business in Emeryville, California. Id. ¶ 2. Grocery Outlet is a supermarket retailer that sells discounted, overstocked, and closeout name brand and private label products. Id.

   **B.     The Dispute**

At the beginning of the COVID-19 pandemic, Naftali sold Grocery Outlet two types of sanitary wipes: one that it had acquired from a third party, and another that it had

1    manufactured itself.  See id. ¶¶ 6, 7, 8, 11.  The labeling on both types of wipes did not

2    comply with state and federal law.  Id. ¶ 14.  Neither Naftali nor Grocery Outlet were

3    aware of the labeling deficiencies when they entered into the agreement.  Id. ¶ 12.  Grocery

4    Outlet subsequently resold the nonconforming wipes in its stores.  See id. ¶¶ 6, 14, 22.

5         The federal Environmental Protection Agency notified Grocery Outlet in March

6    2021 that both types of wipes displayed noncompliant labels in violation of federal and

7    state laws.  Id. ¶ 14; Complaint (dkt. 1) ¶ 19.  Grocery Outlet recalled over 160,000 wipes.

8    Am. Answer ¶ 14.

9         The EPA never contacted Naftali about the labeling issues.  Id.  But in May 2021, a

10   year after purchasing and accepting the wipes, Grocery Outlet informed Naftali that it was

11   rejecting the wipes because they failed to conform to state and federal law.  Id.  Naftali

12   offered to cover the cost of ground shipping and refund Grocery Outlet for all unused and

13   undamaged packages of wipes that it could return to Naftali.  Id. ¶ 16.  Grocery Outlet

14   returned over 40,000 units, of which over 5,000 were opened or damaged.  Id. ¶ 17.

15   Naftali offered a payment to Grocery Outlet of approximately $75,000 for the undamaged

16   returned products, but Grocery Outlet did not accept the offer.  Id. ¶ 19.  Instead, it

17   requested a refund for all unsold wipes—not just those it had returned to Naftali.  Id.

18      **C.**    **Procedural History**

19        On October 13, 2023, Grocery Outlet filed its initial complaint with seven claims

20   for relief.  See Compl.  Naftali responded with eight affirmative defenses and three

21   counterclaims of "declaratory relief for rescission," "declaratory relief regarding

22   compromise agreement," and "breach of contract."  See Am. Answer.  Grocery Outlet

23   moved to dismiss two of Naftali's counterclaims: one for declaratory relief for rescission

24   of the purchase agreements and one for declaratory relief regarding an alleged compromise

25   agreement.  See Motion to Dismiss First and Second Amended Counterclaims (MTDC)

26   (dkt. 52) at 2.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim for relief may be dismissed for failure to state a claim upon which relief may be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). When evaluating a motion to dismiss, the Court "must presume all factual allegations of the [claim for relief] to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). "Courts must consider the [pleading] in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated ... by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

## III. DISCUSSION

Grocery Outlet makes three arguments to support its motion to dismiss Naftali's first two amended counterclaims. The Court addresses only the first argument—that Naftali's counterclaims are not proper declaratory relief claims.

The Declaratory Judgement Act, 28 U.S.C. § 2201, authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory relief is designed to resolve uncertainties or disputes that may result in future litigation. See McGraw-Edison Co. v. Preformed Line Prod. Co., 362 F.2d 339, 343 (9th Cir. 1966). Declaratory procedure therefore operates prospectively; it serves to offer guidance in shaping future conduct so that a party can avoid repudiating an obligation. See Pub. Serv. Mut. Ins. Co. v. Liberty Surplus Ins. Corp., 51 F. Supp. 3d 937, 950 (E.D. Cal. 2014). It does not execute rights or redress past wrongs. See id.

A claim for declaratory relief requires an actual controversy. 28 U.S.C. § 2201. A party bringing a declaratory judgment claim must "show that under 'all the circumstances,' there is an actual or imminent injury that was caused by the opposing party, is redressable

3

by judicial action, and is of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Multimedia Patent Tr. v. Microsoft Corp., 525 F. Supp. 2d 1200, 1218 (S.D. Cal. 2007) (citation omitted). And though the existence of another adequate remedy does not preclude a party from requesting declaratory judgement, the Ninth Circuit has instructed that "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc); see also Pub. Serv. Mut. Ins., 51 F. Supp. 3d at 950 ("[W]here a party can allege a substantive cause of action, a declaratory relief claim should not be used as a superfluous 'second cause of action for the determination of identical issues' subsumed within the first." (citation omitted)). Thus, even when the court is presented with a justiciable controversy, the court may exercise its discretion to deny declaratory relief. See Washington, 759 F.2d at 1356; Pub. Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 241 (1952) (Declaratory Judgement Act "confers a discretion on the courts rather than an absolute right upon the litigant").

      **A.**     **Naftali's First Counterclaim: Declaratory Relief for Recission**

Naftali first requests a declaration that Naftali has a right to rescind the parties' purchase agreements "based on the parties' mutual mistake of a material fact." Opp'n (dkt. 53) at 6. Naftali states that this declaration will determine "the ongoing rights and obligations of the parties, specifically, whether equity affords Naftali the right to invoke its statutory right of rescission under the circumstances." Id.

Grocery Outlet argues that Naftali's first declaratory relief claim fails to provide a cognizable legal theory because the claim is focused solely on the redress of past wrongs: the illegal sale of wipes happened in the past, the sales were memorialized in written agreements, and Grocery Outlet is now suing Naftali over those agreements. MTDC at 5–6. Naftali argues in response that it has properly stated a claim for declaratory relief because it asks the Court to declare Naftali's future obligations of indemnifying Grocery Outlet. Opp'n at 1, 7.

4

1          To the extent that Naftali's first counterclaim seeks to rescind the contract it entered
2   with Grocery Outlet in order to restore the parties to their former positions and "disgorge"
3   Grocery Outlet of its illicit profits, see Am. Answer ¶ 40, Naftali's first counterclaim
4   would merely redress past wrongs. That is not a proper use of declaratory relief. See Pub.
5   Serv. Mut. Ins., 51 F. Supp. 3d at 950; see also Ward v. Wells Fargo Home Mortg., Inc.,
6   No. 14-CV-00565 NC, 2014 WL 3885836, at *4 (N.D. Cal. Aug. 7, 2014) (dismissing a
7   plaintiff's declaratory relief claims based entirely on conduct that took place in the past).
8   In Public Service Mutual Insurance, for example, the plaintiff sought declaratory relief to
9   recover defense expenses it had incurred in an underlying action. 51 F. Supp. 3d at 950.
10  The Court rejected the declaratory relief claim because the plaintiff did "not request[] the
11  court's guidance to shape its defense and indemnification obligations in the future. To the
12  contrary, the underlying case has been settled by [the plaintiff's] payment of a fixed sum
13  and defense costs have been expended." Id.
14         But Naftali's request for declaratory judgement also seeks a determination of
15  Naftali's future indemnification obligations. Am. Answer ¶ 46. Naftali has not yet
16  indemnified Grocery Outlet. See id. ¶ 40. This means that Naftali's request for
17  clarification on its right to rescind its contract with Grocery Outlet impacts its future
18  obligations, even though those obligations arise from earlier agreements. See Pub. Serv.
19  Mut. Ins., 51 F. Supp. 3d at 950. In this way, Naftali's counterclaim does more than the
20  claim at issue in Public Service Mutual Insurance, because Naftali—unlike the plaintiff in
21  that case—has potential future obligations that the Court can declare. See id. Thus,
22  Naftali can properly seek the Court's guidance to shape its defense and indemnification
23  obligations in the future, as opposed to seeking a remedy only for an action that has
24  already been taken. See id.
25         Regardless, the Court finds that Naftali's first counterclaim has failed to establish
26  an actual controversy—a core requirement for declaratory relief. 28 U.S.C. § 2201.
27  Naftali contends that it is enough that a declaration would resolve the ongoing rights and
28

5

obligations of the parties.[1]  Opp'n at 7.  But that is not necessarily true.  Naftali does not explain how it will suffer any immediate injury from waiting to resolve the issues raised in its first counterclaim; in fact, Grocery Outlet has already paid Naftali for the wipes it bought, Am. Answer ¶ 22, and any possibility that Naftali will have to indemnify Grocery Outlet will only come to fruition if Grocery Outlet prevails on its claims in this very case, id. ¶ 46; see also Compl. ¶¶ 52–59.  Naftali's potential obligation to indemnify Grocery Outlet is still hypothetical, and certainly not imminent, so declaratory relief is not necessary to determine Naftali's indemnification obligations.  See McGraw-Edison Co., 362 F.2d at 343 (courts may refuse declaratory judgement where it would merely decide issues involved in a pending case).[2]

The Court therefore **GRANTS** Grocery Outlet's motion to dismiss Naftali's first declaratory judgment request because it fails to state a cognizable legal theory upon which relief can be granted.

### B. Naftali's Second Counterclaim: Declaratory Relief Regarding Compromise Agreement

Naftali also requests a declaration that the parties entered into an oral compromise agreement with respect to the 160,000 recalled wipes when Naftali offered to refund Grocery Outlet for all undamaged wipes it could return, and Grocery Outlet accepted this compromise through its subsequent conduct.  See Opp'n at 7; Am. Answer ¶¶49–50. Naftali contends that a declaration would resolve "the ongoing rights and obligations of the parties, if any, under the compromise agreement," and would therefore operate as prospective relief of an actual redressable and immediate controversy.  Id.

Grocery Outlet again argues that Naftali's second counterclaim fails to state a

---

[1] Naftali's apparent reliance on Multimedia Patent Trust for this proposition is misplaced because that case applied a patent-specific analysis not applicable here.  525 F. Supp. 2d at 1218.
[2] Naftali's claim for recission based on mutual mistake would also likely fail on the merits because the express warranty in the purchase order (which the parties incorporate by reference in their pleadings) allocates any risk onto Naftali.  "[T]he law provides no remedy for bad bargains willingly risked with wide opened eyes."  United States v. Hathaway, 242 F.2d 897, 901 (9th Cir. 1957) (mutual mistake does not apply where the parties expressly agreed that the risk of the mistake would be assumed by one party).

6

cognizable legal theory because there are no future rights to declare. MTDC at 6. Additionally, Grocery Outlet contends that the counterclaim is unnecessary and redundant because adequate remedies exist under other causes of action—specifically, Naftali's third counterclaim, which is a breach of contract claim based on this alleged compromise agreement. Id. at 5. Naftali argues that its second counterclaim is viable because a declaration would clarify the parties' future obligations and because the existence of other remedies does not preclude Naftali from also seeking declaratory relief. Opp'n at 7–8.

Like Naftali's first counterclaim, its second counterclaim has both backward- and forward-looking elements. Naftali asks the Court to declare if the agreement exists (a backward-looking inquiry) and to interpret the obligations imposed by the agreement (a forward-looking inquiry). For the same reasons as above, the latter inquiry is a proper use of declaratory relief. See Pub. Serv. Mut. Ins., 51 F. Supp. 3d at 950.

But this claim is redundant of Naftali's third counterclaim, which Grocery Outlet does not move to dismiss. That counterclaim addresses the same core events as the second counterclaim, such as Naftali's allegation that Grocery Outlet and Naftali "understood and agreed that the oral agreement would resolve any dispute between the parties regarding the wipes sold more than a year earlier … ." Am. Answer ¶ 58. Naftali's second counterclaim is thus needlessly repetitive, as "a party who sues for breach of contract thereby affirms the contract's existence." Sharabianlou v. Karp, 181 Cal. App. 4th 1133, 1144 (2010). A decision on Naftali's breach of contract claim will thereby determine if a contract existed and, if one did exist, what obligations the parties owed one another under the contract.

While Naftali correctly points out that the existence of other remedies does not necessarily preclude declaratory judgement claims, see Opp'n at 8, "where there is an accrued cause of action for a past breach of contract or other wrong, or where an adequate remedy exists at law, declaratory relief is inappropriate," Sanchez v. MortgageIt, Inc., No. 10-cv-04146 PJH, 2011 WL 588178, at *3 (N.D. Cal. Feb. 10, 2011). Therefore, because Naftali's second counterclaim is duplicative of its third counterclaim, the court **GRANTS** Grocery Outlet's motion to dismiss Naftali's second counterclaim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Grocery Outlet's motion to dismiss Naftali's first and second amended counterclaims with leave to amend within 30 days.

**IT IS SO ORDERED.**

Dated: November 5, 2024



CHARLES R. BREYER
United States District Judge